**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JACOB JOSEPH APPENZELLER, #394921,

    Petitioner,

                               Civil No: 2:08-CV-11886
                               Honorable George Caram Steeh
                               Magistrate Paul J. Komives

v.

CAROL HOWES,

    Respondent.

_____/

**OPINION & ORDER DENYING PETITIONER'S MOTION FOR
APPOINTMENT OF COUNSEL [dkt.#7], DENYING PETITIONER'S
MOTION FOR JUDGMENT [dkt. # 10], AND ORDERING RESPONDENT
TO SEND PETITIONER A COPY OF ITS ANSWER TO HABEAS PETITION**

    This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner entered a guilty plea in Macomb County Circuit Court for second-degree criminal sexual conduct with intent of sexual penetration and for second-degree assault. He was sentenced to three years probation, one of which was to be spent in the county jail. During Petitioner's probationary period, he violated his probation on two occasions which led to it being revoked, and he was ultimately incarcerated.

    Pending before the Court are Petitioner's "Motion for Appointment of Counsel" and "Motion for Judgment." The Court will deny both motions.

**Appointment of Counsel**

Indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Murray v. Giarratano*, 492 U.S. 1 (1989); see also, *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir.1993). The court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. Rule 8(c), Rules Governing Section 2254 Cases. In *Lavado*, the Sixth Circuit noted that "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." (internal quotation and citations omitted).

Petitioner's justification for seeking appointed counsel is that his appellate attorney on direct appeal abandoned him and he is not knowledgeable enough about the law to represent himself in these habeas proceedings. However, Petitioner fails to articulate why the issues raised in his case are so difficult that an attorney is required to bring the matter to resolution. Petitioner has raised the following issues in his habeas petition: (1) Petitioner's probation agent erroneously modified his sentence; and (2) ineffective assistance of appellate counsel.

The Court has considered the complexity of the issues and the procedural posture of the case. The Court has further taken into consideration Justice Corrigan's, from the Michigan Supreme Court, concurring opinion as it relates to Petitioner's ineffective assistance of appellate counsel claim, which states as follows:

> I join the order denying leave to appeal. I write separately only to observe that the Attorney Grievance Commission and the Michigan Appellate Assigned Counsel System may wish to investigate defendant's allegations in this case. In 2002, defense counsel was appointed to represent defendant in his direct appeal. Defendant essentially alleges that counsel abandoned him. He was unaware of counsel's appointment; counsel never contacted him, never pursued an appeal, and never sought to withdraw as counsel.

These allegations warrant scrutiny by the grievance commission. *People v. Appenzeller,* 480 Mich.1447; 746 N.W.2d 112 (2008).  At this stage of the case, however, the assistance of counsel does not appear necessary to the proper presentation of Petitioner's position. Should the Court find after reviewing this matter in more detail that an attorney should be appointed, it will reconsider its decision and appoint counsel at a future time if a hearing is necessary or if other circumstances warrant.  No additional motions need to be filed regarding this issue.  Petitioner's motion is denied without prejudice.

## Judgment

Petitioner has also filed a "Motion for Judgment" claiming that Respondent has not filed its answer to the habeas petition.  Therefore, it is Petitioner's position that a judgment should be entered in Petitioner's favor as a result of Respondent's default. The Court entered an order dated May 21, 2008, requiring Respondent to file its answer to the habeas petition by November 10, 2008.  Respondent in fact filed its answer with the Court on November 10, 2008 [dkt. # 9] and is therefore not in default.  In the event Petitioner still does not have possession of Respondent's answer, the Court orders Respondent to send a copy to Petitioner at his address of record.  Petitioner's motion is denied.

Accordingly,

**IT IS  ORDERED** that Petitioner's "Motion for Appointment of Counsel"  [Dkt. #7] is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Judgment"  [Dkt. #10] is **DENIED.**

**IT IS FURTHER ORDERED** that Respondent mail a copy of its "Answer in Opposition to Petition for Writ of Habeas Corpus" to Petitioner at his address of record.

Dated:  February 19, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 19, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk